IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 17-cv-02772-MSK-STV

**DWIGHT IVAN SHORTRIDGE, JR.,**

　　Plaintiff,

v.

**DISCOUNT TIRE STORE,
EDWARD MASDIN,**

　　Defendants.

---

# ORDER ON MOTION TO DISMISS

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss **(#27)**, Plaintiff's Response **(#39)**, and the Reply **(#59)**.

**I.　Jurisdiction**

The Court exercises jurisdiction over this action pursuant to 28 U.S.C. §§ 1331.

**II.　Summary of the Plaintiff's Allegations**

Construing the properly pled facts most favorably to Mr. Shortridge,[1] the Amended Complaint alleges as follows.

Mr. Shortridge, an African American man, was waiting to have new tires installed on a Cadillac Escalade at a Discount Tire Store (the "Store"), when the Store manager, Defendant Edward Masdin, began "harassing" him by questioning either his intention or his ability to pay

---

[1] Mr. Shortridge appears *pro se.* Accordingly, the Court reviews his pleadings and other papers liberally, and holds them to a less stringent standard than that applicable to those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110, 1110 n. 3 (10th Cir. 1991).

for the tires.  **(#17 pp. 3, 8.)**  Mr. Masdin continued to harass Mr. Shortridge by asking for payment in advance during the entire time Mr. Shortridge was present in the Store.  **(#17 p. 8.)**  Mr. Masdin did not treat any other customers who were present in the Store in the same manner.  **(#17 p. 8.)**

Before Mr. Shortridge offered payment for the tires, Mr. Masdin called the Arvada Police Department (the "APD") reporting that a customer seemed to be prepared to leave without paying.  **(#17 p. 8.)**  Officers of the APD responded to the call.  **(#17 p. 3.)**  While the officers were present, Mr. Shortridge offered to pay $150 of the store's $192 invoice for tires and installation.  **(#17 p. 7.)**  Mr. Masdin accepted Mr. Shortridge's proffer of partial payment.  **(#17 p. 7.)**

After Mr. Masdin accepted Mr. Shortridge's proffered payment, Mr. Shortridge was involved in an altercation with the APD officers who had responded to Mr. Masdin's call; that altercation underlies Mr. Shortridge's claims in a companion lawsuit to the suit now before the Court.  **(#17 p. 6.)**

Arising out of the foregoing, Mr. Shortridge asserts Mr. Masdin's and the Store's liability under 42 U.S.C. § 1981 for interfering with his right to make and enforce contracts on the basis of race, and under 42 U.S.C. § 1983 for the violation of his constitutionally protected rights to equal protection of the laws and freedom from unreasonable seizures.  The Defendants move to dismiss Mr. Shortridge's claims on the ground that Mr. Shortridge was not deprived of the right to make or enforce contracts and on the additional ground that, because they are not state actors, they are not subject to liability under Section 1983.

**III. Analysis**

    **A.    Standard of Review**

In reviewing the Defendants' Federal Civil Procedure Rule 12(b)(6) motion to dismiss, the Court accepts all well-pled allegations in the Amended Complaint as true and views those allegations in the light most favorable to Mr. Shortridge. *Stidham v. Peace Officer Standards & Training*, 265 F.3d 1144, 1149 (10th Cir. 2001), *quoting Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). The Court limits its consideration to the four corners of the pleading, any documents attached thereto, and any external documents that are referenced in the pleading the accuracy of which is not in dispute. *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002); *Dean Witter Reynolds, Inc. v. Howsam*, 261 F.3d 956, 961 (10th Cir. 2001).

A claim is subject to dismissal if it fails to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To make such an assessment, the Court first discards those averments in the Complaint that are merely legal conclusions or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678-679. The Court then takes the remaining, well-pled factual contentions, treats them as true, and ascertains whether those facts (coupled, of course, with the law establishing the requisite elements of the claim) support a claim that is "plausible" or whether the claim being asserted is merely "conceivable" or "possible" under the facts alleged. *Id.* What is required to reach the level of "plausibility" varies from context to context, but generally allegations that are "so general that they encompass a wide swath of conduct, much of it innocent," will not be sufficient. *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

A *pro se* plaintiff whose factual allegations are close to stating a claim but are missing a

critical element that the plaintiff may not have understood to be necessary should be given the opportunity to amend his pleading. *See Reynoldson v. Shillinger*, 907 F.2d 124, 126-127 (10th Cir. 1990). A *pro se* plaintiff's complaint should only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. *See Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). Courts are not, however, required to accept as true a *pro se* plaintiff's conclusory allegations, but rather need only accept as true the plaintiff's well-pled factual contentions. *See Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989), *quoting Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). Moreover, the Court may not assume that a *pro se* plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a *pro se* plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *Whitney v. New Mexico*, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

**B.     Mr. Shortridge's Section 1983 Claim(s)**

To be actionable under Section 1983, a defendant's conduct must have occurred "under color of law." 42 U.S.C. § 1983. In consequence, the only persons subject to liability under Section 1983 are persons who represent the state in some capacity. *See National Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988), *quoting Monroe v. Pape*, 365 U.S. 167, 172 (1961); *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995). In response to the Defendants' Motion to Dismiss, Mr. Shortridge concedes that the Defendants are not state actors and are not subject to liability under Section 1983. On that basis, Mr. Shortridge voluntarily withdraws his claim(s) to the extent asserted under Section 1983.

**C.     Mr. Shortridge's Section 1981 Claim**

Section 1981 protects the right to make and enforce contracts. *See Barfield v. Commerce*

4

*Bank, N.A.*, 484 F.3d 1276, 1277 (10th Cir. 2007). To state a claim under Section 1981, a plaintiff must allege that he is a member of a protected class, that the defendant intended to discriminate against him on the basis of his membership in the class, and that the defendant's discriminatory conduct interfered with the plaintiff's ability to make, enforce, or enjoy the benefits of a contract. *See id.*

Here, the Amended Complaint alleges that Mr. Shortridge was able to purchase tires from the Store notwithstanding Mr. Masdin's complained-of conduct. The Section 1981 claim therefore is premised not on the inability to purchase tires, but instead on Mr. Masdin's allegedly racially discriminatory conduct in treating Mr. Shortridge differently from Store customers who were not African-American. In particular, the claim is premised on Mr. Masdin's questioning of Mr. Shortridge's intention or ability to pay and conduct in reporting his conduct to the APD.

Mr. Shortridge has identified no case, and the Court is aware of none, in which a Section 1981 right-to-contract claim arose when the retail purchase was accomplished. To the contrary, as stated by the District Court for the Northern District of Georgia, "Virtually all federal courts that have analyzed Section 1981 claims in the retail merchandise context have required the plaintiff to show that he was actually prevented from making a purchase." *See*, *e.g.*, *Rogers v. Elliott*, 135 F. Supp. 2d 1312, 1315 (N.D. Ga. 2001). Specifically, courts have found that the contract at issue between a retailer and its customer extends only to the sale and purchase of retail goods, and that a retailer's discriminatory conduct in connection with the sale of goods that does not prevent the sale from being consummated is not actionable under Section 1981. *See*, *e.g.*, *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 854-855 (8th Cir. 2001). Because Mr. Shortridge entered into and was able to consummate a contract with the Store notwithstanding the Defendants' complained-of conduct, he has no Section 1981 claim. For that

same reason, the deficiencies the Court has identified in his Section 1981 are not subject to cure by amendment.

## IV. Conclusion

For the foregoing reasons, the Defendants' Motion to Dismiss **(#27)** is **GRANTED IN PART** and **DENIED IN PART**. The Plaintiffs' claims under 42 U.S.C. § 1983 are deemed **voluntarily withdrawn**, and the Plaintiff's claim under 42 U.S.C. § 1981 is **dismissed with prejudice**.

Dated this 31st day of January, 2019.

**BY THE COURT:**

Marcia S. Krieger
Chief United States District Judge